UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY SWECKER, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendant.

Case No. 16-cv-2424 (CRC)

## OPINION AND ORDER

Plaintiffs Gregory and Beverly Swecker are farmers in Iowa who own and operate a wind turbine on their farm. They have filed numerous lawsuits against a wide range of defendants stemming from their dispute with an Iowa electric utility under the Public Utility Regulatory Policies Act of 1978. A longer discussion of the background of this dispute can be found in the Court's Opinion and Order in a related case before this Court, Swecker v. Midland Power Coop., 16-cv-1434 (D.D.C. May 17, 2017). In their latest suit, the Sweckers allege several tort claims, as well as claims under 42 U.S.C. § 1983 and the Equal Credit Opportunity Act, against the United States, the U.S. Department of Agriculture Farm Service Agency, the U.S. Department of Agriculture Rural Utilities Service, and the U.S. Department of Agriculture's Office of the Assistant Secretary for Civil Rights. These claims stem from Defendants' alleged failure to investigate the Sweckers' discrimination complaints related to their wind turbine. See generally Compl. Defendants have moved to transfer this case to the Southern District of Iowa.

While Defendants concede that venue is proper in this district, 28 U.S.C. § 1404(a) nonetheless permits a court to transfer any civil action to any other district where it could have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to

transfer according to an individualized, case-by-case consideration of convenience and fairness."
Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted).
The moving party bears the burden of establishing that transfer is proper. Mohammadi v.
Scharfen, 609 F. Supp. 2d 14, 17 (D.D.C. 2009) (internal citation omitted). To establish that
transfer is proper, the moving party must show (1) that the plaintiff originally could have brought
the action in the proposed transferee district; and (2) that considerations of public and private
interests weigh in favor of transfer. Bourdon v. U.S. Dep't of Homeland Security, 2017 WL
635481 (D.D.C. Feb. 16, 2017) (internal citations omitted).

Regarding the first factor, the Sweckers could have brought the action in the Southern
District of Iowa because "[a]ny civil action on a tort claim against the United States . . . may be
prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission
complained of occurred." 28 U.S.C. § 1402(b). Because the Sweckers reside in the Southern
District of Iowa, see Compl. 1 (providing Plaintiffs' address), venue is proper in that district.

Regarding the second factor, there are a number of public and private interests that courts
should consider in weighing a motion to transfer. Public interests include "(1) the transferee's
familiarity with the governing laws and the pendency of related actions in the transferee's forum;
(2) the relative congestion of the calendars of the potential transferee and transferor courts; and
(3) the local interest in deciding local controversies at home." Bourdon, 2017 WL 635481 at *7
(quoting Greater Yellowstone Coalition v. Bosworth, 180 F. Supp. 2d 124, 128 (D.D.C. 2001)).
The first and third of these factors strongly favor transfer. The Southern District of Iowa is
familiar with the governing laws and applicable facts of this case given the extensive related
litigation in that district in which the Sweckers have been involved. See, e.g., Swecker v.
Midland Power Coop., 13-cv-00250 (S.D. Iowa 2013); United States v. Swecker, 09-cv-00013

2

(S.D. Iowa 2009); Swecker v. Veneman, 04-cv-90415 (S.D. Iowa 2004).  In fact, the Sweckers seek an injunction staying one of these matters, United States v. Swecker, 09-cv-0013, an ongoing foreclosure action against their Iowa farm.  See Compl. ¶ 168.  And as courts in this district have held, "prior decisions from and pending proceedings in the [transferee district] argue for transfer."  Pueblo v. Nat'l Indian Gaming Comm'n, 731 F. Supp. 2d 36, 42 (D.D.C. 2010) (citing Martin-Trigona v. Meister, 668 F. Supp. 1, 3 (D.D.C. 1987) ("The interests of justice are better served when a case is transferred to the district where related actions are pending.")).

The Court must also consider private interests, which include "(1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant . . . and (6) the ease of access to sources of proof."  Id. at *4 (quoting Greater Yellowstone Coalition, 180 F. Supp. 2d at 127).  On balance, these factors, too, weigh in favor of transfer.  While courts generally defer to a plaintiff's choice of forum, this choice is not entitled to deference where "the District of Columbia has only an attenuated connection to this controversy."  Pacific Maritime Ass'n v. NLRB, 905 F. Supp. 2d 55, 62 (D.D.C. 2012).  Moreover, given that the Sweckers themselves are Iowa residents, and that the United States Attorney's Office in the Southern District of Iowa is well familiar with the controversy, see Def.'s Mot. Transfer 9, the Court finds that the proposed transferee district would be a more convenient forum for the parties to litigate this case.

Accordingly, because the public and private interests in this case weigh in favor of transfer, it is hereby

**ORDERED** that Defendants' [8] Motion to Transfer is **GRANTED**. The Clerk of Court is directed to transfer this case to the U.S. District Court for the Southern District of Iowa.

Date: May 17, 2017

CHRISTOPHER R. COOPER
United States District Judge

4